SCURLOCK, COMMISSIONER OF REVENUES v. CENTRAL

DISTRIBUTORS, INC.

5-470                                          269 S. W. 2d 790

Opinion delivered July 5, 1954.

*Frank O. Bass, Jr.,* for appellant.

*Mehaffy, Smith & Williams,* for appellee.

MINOR W. MILLWEE, Justice.   This appeal involves a determination of the applicable statute governing the taxation, sale and distribution in this state of a malt beverage containing less than 5% alcohol by weight.

Appellee is a wholesale distributor of alcoholic beverages in Little Rock, Arkansas.   Appellants are the director and members of the Alcoholic Beverage Control Board and the Commissioner of Revenues for the State of Arkansas.   According to the complaint filed by appellee in the chancery court, it has for some time sold

and distrubuted a product known as "Country Club Malt Liquor" which contains more than 5% alcohol by weight. This product is distributed only through liquor dealers and is taxed and regulated under the provisions of Acts 108 and 109 of 1935[1] which acts govern the taxation, sale and distribution of "spirituous, vinous and malt liquors." It was also alleged that the producers of "Country Club Malt Liquor" also made a specialty beverage containing less than 5% alcohol by weight which appellee intended to distribute under the same trade name but in accordance with the Arkansas Laws[2] regulating alcoholic beverages containing not more than 5% alcohol by weight, otherwise designated as "beer or light wine."

The complaint further alleged that the appellants had advised appellee that the new product was not subject to taxation, regulation and control imposed on beer of not more than 5% alcohol; that the board would subject said new product to regulations pertaining to alcoholic liquors of more than 5% alcoholic content; that such product could not be allowed to bear the name "malt liquor"; and that appellees contemplated action would subject appellee to the revocation of its wholesale dealer's permit. The prayer of the complaint was that the court adjudge that the new product be classified as a beer or light wine for the purposes of taxation, regulation and control under the statutes of Arkansas; that appellee be allowed to sell and distribute said product as such; and that appellants be restrained from instituting any action against appellee as a result of appellee's failure to comply with Arkansas laws relative to malt liquors containing more than 5% alcoholic content by weight.

Appellants filed a demurrer to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was overruled. Upon appellants' refusal to plead further, a decree was entered

[1] Act 108, as amended, is compiled as Ark. Stats., §§ 48-101 to 112, 48-201 to 206, 48-301 to 305, 48-311 to 326, 48-807 to 822, 48-909, 48-937 to 944.

Act 109, as amended, now appears as Ark. Stats., §§ 48-401 to 410.

[2] Ark. Stats., §§ 48-501 to 536, 48-601 to 625.

finding that for the purposes of taxation, regulation and control the new product, "Country Club Malt Liquor," is classified as a beer or light wine under Arkansas statutes, and restraining appellants from instituting action because of appellee's failure to comply with statutes relative to spirituous, vinous or malt liquors containing more than 5% alcohol by weight.

It is admitted that the product in question here is a malt beverage containing less than 5% alcohol by weight. According to the allegations of the complaint, appellants advised appellee that the Board would subject the product to taxation and regulations pertaining to alcoholic liquors of more than 5% alcohol by weight and that appellee's contemplated action of distributing the product under statutes applicable to the regulation and taxation of beer or light wines would result in the revocation of its wholesaler's permit. In passing on the demurrer, the truth of these allegations is admitted.

In 1933 the Legislature enacted statutes governing the sale of beer and light wines containing less than 5% alcohol by weight. Section 2 of Act No. 7 (Ex. Sess.) 1933 [Ark. Stats., § 48-503] defines beer as "any fermented liquor made from malt or any substitute therefor and having an alcoholic content of not in excess of 3.2 [5%] per cent by weight." The 1933 Act [Ark. Stats., §§ 48-501-48-527] provided for the taxation, regulation and control of beer and light wine. In 1935 Acts 108 and 109 were enacted which govern the sale of "spirituous, vinous, and malt liquors" containing more than 5% alcohol by weight. By § 6 of Act 108 [Ark. Stats., § 48-107] it is specifically provided that beer and other malt beverages containing less than 5% alcohol by weight are excepted from the provisions of the 1935 act and should be taxed and regulated as provided in Act 7 of 1933, *supra*. We think it is clear from these provisions that the alcoholic content of a malt beverage controls in determining whether it should be taxed, regulated and controlled as a "spirituous, vinous, and malt liquor" under the 1935 Acts or as a "beer or light wine" under the 1933 act, as amended. Hence the chancellor was correct in holding

the latter statutes applicable in the taxation and regulation of the product in question and the demurrer was properly overruled.

But appellants insist that the use of the words "malt liquor" in the trade name and label of the product in question renders it subject to the laws governing liquors containing more than 5% alcohol by weight; and that appellee should not be permitted to distribute the product as "beer" unless it is so labeled. Reliance is had on *McKeown* v. *State,* 197 Ark. 454, 124 S. W. 2d 19, where this court pointed out that the legislature in enacting § 48-107, *supra,* intended to classify beer having an alcoholic content of less than 5% by weight as a *malt beverage* as distinguished from *malt liquor.* There is nothing in the opinion, or the statutes upon which appellants rely, pertaining to the labeling or branding of alcoholic beverages. The question whether the Alcoholic Beverage Control Board under its broad powers may by rule or regulation prohibit the use of the words "malt liquor" in the labeling of the beverage in question is not in issue here.

Affirmed.